**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311 |
| | : Hon. Marianne O. Battani |
| | : |
| | : |
| IN RE ALTERNATORS | : Case No. 2:13-cv-00702-MOB-MKM |
| IN RE STARTERS | : Case No. 2:13-cv-01102-MOB-MKM |
| IN RE IGNITION COILS | : Case No. 2:13-cv-01402-MOB-MKM |
| IN RE FUEL INJECTION SYSTEMS | : Case No. 2:13-cv-02202-MOB-MKM |
| IN RE VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02502-MOB-MKM |
| IN RE WIRE HARNESS SYSTEMS | Case No. 2:12-cv-00102-MOB-MKM |
| IN RE HID BALLASTS | Case No. 2:13-cv-01702-MOB-MKM |
| IN RE ELECTRONIC POWERED STEERING ASSEMBLIES | Case No. 2:13-cv-01902-MOB-MKM |
| | : |
| THIS DOCUMENT RELATES TO: | : |
| | : |
| ALL AUTOMOBILE DEALER ACTIONS | : |
| | : |

**ORDER GRANTING AUTOMOBILE DEALER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH MITSUBISHI ELECTRIC DEFENDANTS AND PROVISIONAL CERTIFICATION OF SETTLEMENT CLASSES**

Upon consideration of Automobile Dealer Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. (the "Mitsubishi Electric Defendants") and Provisional Certification of Settlement Classes ("Motion"), it is hereby **ORDERED** as follows:

1.     The Motion is hereby **GRANTED**.

2.     Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

1

## Preliminary Approval of Settlement Agreement

3.      The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to a Fairness Hearing. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court.

## Class Certification

4.      Pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rule of Civil Procedure, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following classes for settlement purposes ("Settlement Classes").

Alternators Settlement Class:

> All automobile dealers that, from July 1, 1998, through the Execution Date, purchased a new vehicle in the United States that included one or more Alternators as a component part, or indirectly purchased one or more Alternators as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.

Starters Settlement Class:

> All automobile dealers that, from July 1, 1998, through the Execution Date, purchased a new vehicle in the United States that included one or more Starters as a component part, or indirectly purchased one or more Starters as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.

Ignition Coils Settlement Class:

> All automobile dealers that, from July 1, 1998, through the Execution Date, purchased a new vehicle in the United States that included one or more Ignition Coils as a component part, or indirectly purchased one or more Ignition Coils as a replacement part, which were

manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.

Fuel Injection Systems Settlement Class:

> All automobile dealers that, from July 1, 1998, through the Execution Date, purchased a new vehicle in the United States that included one or more Fuel Injection Systems as a component part, or indirectly purchased one or more Fuel Injection Systems as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.

Valve Timing Control Devices Settlement Class:

> All automobile dealers that, from July 1, 1998, through the Execution Date, purchased a new vehicle in the United States that included one or more Valve Timing Control Devices as a component part, or indirectly purchased one or more Valve Timing Control Devices as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.

Automotive Wire Harness Systems Settlement Class:

> All automobile dealers that, from July 1, 1998, through the Execution Date, purchased a new vehicle in the United States that included one or more Automotive Wire Harness Systems as a component part, or indirectly purchased one or more Automotive Wire Harness Systems as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.

HID Ballasts Settlement Class:

> All automobile dealers that, from July 1, 1998, through the Execution Date, purchased a new vehicle in the United States that included one or more HID Ballasts as a component part, or indirectly purchased one or more HID Ballasts as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.

Electronic Powered Steering Assemblies Settlement Class:

> All automobile dealers that, from July 1, 1998, through the Execution Date, purchased a new vehicle in the United States that included one or more Electronic Powered Steering Assemblies as a component part, or indirectly purchased one or more Electronic Powered

Steering Assemblies as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant.

5.     The Court finds that provisional certification of the Settlement Classes is warranted in light of the Settlement Agreement because: (a) the members of the Settlement Classes are so numerous that joinder is impracticable; (b) Automobile Dealer Plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) Automobile Dealer Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. The Court further finds that Automobile Dealer Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds settlement of these actions on a class basis superior to other means of resolving the matters.

## Appointment of Settlement Class Counsel

6.     The Court hereby appoints Cuneo Gilbert & LaDuca, LLP, Barrett Law Group, P.A., and Larson · King, LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

7.     Each Automobile Dealer Plaintiff class representative named in the current complaints in the above cases will serve as Automobile Dealer Plaintiff class representative on behalf of the Settlement Classes.

## Notice to Potential Class Members

8.     Prior to the Fairness Hearing, Settlement Class Counsel shall make reasonable efforts to provide notice of the Settlement Agreement and the Fairness Hearing to the persons and entities entitled to receive benefits under the Settlement Agreement, in compliance with the notice requirements of Rule 23 and due process of law. Such notice will be provided through the notices

4

and notice plan the Automobile Dealer Plaintiffs will submit to the Court for approval in a separate motion.

## Other Provisions

9.      In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Automobile Dealer Plaintiffs, the Mitsubishi Electric Defendants, and the members of the Settlement Classes.

10.      The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendants to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11.      The Court approves the establishment of an escrow account under the Settlement Agreement as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

12.      The litigation against the Mitsubishi Electric Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

Date:   June 1, 2016                        s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 1, 2016.


                                            s/ Kay Doaks
                                            Case Manager

6